My name is Patrick Sullivan. I represent the appellant, Mr. Gianelli. This is a private court in Washington, D.C. The first issue is whether the 1982 version of the Victim Witness Protection Act incorporates state law time limits on the execution of judgment into restitution orders. We contend that it does. And the second issue is whether the 1982 version of the Victim Witness Protection Act incorporates state law time limits on the execution of judgment into restitution orders. We contend that it does. And the third issue is whether the 1982 version of the Victim Witness Protection Act incorporates state law time limits on the execution of judgment into restitution orders. We contend that it does. With respect to this appeal, I think there are several dates that have to be borne in mind. The date of the offense in this case was May 25, 1983, some 25 years ago. The date of the entry of the order of restitution was May 14, 1987, some 20 years ago. The defendant was released from probation on November 12, 1991, and ten years from the date of the entry of the restitution order expired on May 14, 1997. Mr. Sullivan, just so we can kind of cut to the chase on this, I assume you agree that United States v. Thornburg is controlling, at least in this circuit, for the proposition that Federal statutes of this nature are not subject to limitation periods unless Congress has expressly created one. I don't fully accept that proposition for this reason, Your Honor. Okay. I agree that Thornburg does hold that a state statute of limitation does not control a Federal court unless there is a Federal law to the contrary. However, this case does not involve a statute of limitation. The time limit for execution of judgment is not a statute of limitation. It is part of the procedure for the enforcement of judgment. And that distinction was noted by the U.S. Supreme Court in the case of Custer v. McClutchy. They made exactly that distinction, that because a time limit for a writ of execution is not a statute of limitation but merely part of the procedure for enforcement of the judgment, the law that controls should be the law of the forum state. Of course, that rule has later been contained in Federal Rule 69A. But the cases cited by the government to the effect that statutes of limitation are not controlling on Federal courts absent a Federal statute I think are inapposite in this case because we are not talking about a statute of limitation.  In California, the way the execution of judgment is set up, you've got a 10-year period, but that can be extended by filing a very simple document. It can be extended almost indefinitely. Do you agree with that? That's correct, Your Honor. So what you're saying here is that by the government's failure to file such a document, it loses the effect of a Federal court order. Is that your position? No, that's not my position, Your Honor. It loses the ability to enforce the Federal court order by execution. But that's – but that's – isn't that semantically – It's not semantic. If I could explain briefly. Okay. In the Sunderland case, which has been cited by the government, they constantly cite the dicta that judgments are extinguished by satisfaction, not by passage of time. Well, what does extinguishment mean? I mean, if you pay a judgment, that judgment is going to remain on the record. It doesn't disappear from the record. It still has res judicata effect. If it's a criminal conviction, it may have enhancement effect for a subsequent conviction. Let me just stop you for a second. Let's assume that your client moved to Nevada. Yes. And there was nothing in the law of Nevada that prevented this judgment from being enforced there. Would you agree there's no problem? If the offense was committed in Nevada. I would say it isn't. You have sister state judgment issues. If you're going to go on a state law basis, the fact that you have a judgment, it may not be enforceable in State 1, but it may be enforceable in State 2, 3, 4, or 5, right? It may be enforceable under the restriction. First of all, it may be subject to the execution of judgment laws that are different in various states. That's correct. However, if the argument is that we have to have uniformity in the enforcement of judgment, then we should repeal Rule 69A, because that does recognize the states in execution of judgment. Do you agree that the predecessor to this particular action, United States v. Gianelli, which was one of our nonpublished opinions that the court held that the BWPA does not impose a limitations period? No, Your Honor. The decision, the memorandum decision at that time expressly reserved the question of whether the time limitation argument was valid or not. Right. But they also found that the statute did not contain a limitation period. So if you go back to the Thornburg point that I made earlier, I realize you disagree with that. But if that point was correct, then, in effect, because no federal statute has imposed a limitation, a state court cannot or a state law cannot make a federal court order disappear just because there's a state limitation. You can call it a statute of limitations or whatever, but the fact is there's a time period. And if you don't act within a particular time period, then you have no more remedy, which is the essence of a statute of limitation, is it not? I don't agree with that, Your Honor, because, again, the issue was addressed directly in the Supreme Court case Custer v. McClutchy. We are not talking about extinction of judgment. We're talking merely about the remedy for the enforcement of the judgment. That's the distinction to be made. But if you can't enforce it, why good is it? Well, as I say, the judgment is still going to be on the record. It's still going to have ratio to cut effect. It may have enhancement effect for subsequent convictions. Do you think it might help our balance of payments with China? I'm sorry. Excuse me, sir. I said, do you think it will help our balance of payments with China? Can we use it for that? Maybe not. Well, I'm not aware of the ---- Do you want to save your two minutes? I think so, yes, Your Honor. Okay. Let's hear from the government.  Justice Sotomayor.   I would like to begin by saying that I think it's important to understand the equities of the situation. Huey was decided three years after this order of restitution. If the parties had known then that Huey stated a different rule, undoubtedly they would have set the plea to the conspiracy count and not one count of the mail fraud. But bear in mind, at the mail fraud count, the defendant admitted to the entire conspiracy ---- excuse me, the entire scheme in which he unlawfully took 161,000 plus in kickbacks. If the defendant had protested at the time and had appealed, he would have lost because this Court's decision in Parmezi, I believe it's at 851 Fed Second, decided that, yes, you could in a single count of mail fraud have a Victim Witness Protection Act restitution award for the entire scheme. So if he had appealed, he would have lost. If after the Supreme Court decision he had collaterally sought to attack it, it wouldn't have been allowed because Huey was not permitted as collateral attack. So if the ---- on the one hand, if they had known about it, the restitution order would have been different, the plea would have been different. On the other hand, if he had appealed, the outcome would have been the same for the United States. If this Court considers the issue, it must be by a plain error standard, and by plain error there was no plain error because Huey hadn't been decided and Parmezi was in the district court's favor. Now, it has been ---- The waiver argument. That's right. I mean, that's ---- we're saying that we have the waiver argument and it's very  Yes. But in terms of the equities, the defendant has no good argument in our view. Okay. Moreover, we didn't lose interest in collecting the money. It was due and payable immediately. And as the district court in the most recent opinion stated, the pre-sentence report showed that defendant had a net worth of $217,000. He should have paid that restitution immediately. But he dragged his feet, to put it kindly. And we did not lose interest. We agreed to an installment payment, started to collect some money. Then, for reasons that are not clear in the record, the government was interested in getting these old restitution awards paid. So we again entered into a stipulation where he would pay in larger amounts, subject to his right to appeal. So we have always been interested in collecting this money. Now, on the issue of the effect of the California law, Thornburg is a good case for us, but we think an even better case, perhaps, is this Court's Miller case. In Miller, the government waited for 13 years to collect a fine. Under California law, and as you'll see from the Miller opinion, under the same ‑‑ substantively, the same version of Civil Procedure Rule 69A, Federal Rule 69A, as is at stand today. It said that executions of Federal judgments are by writ of execution pursuant to state law procedures. And the government went into state court in California, where it faced a five-year limitation on the execution of judgments. And the state of California said, You're too late. It's 13 years, and we will not extend that time period because of your latches. So the government went into Federal court and said, We need to renew our judgment. And it came up to this court, and this court said, The fact that you were out of time for the execution of your judgment in the state court does not limit your ability to renew your judgment in Federal court because a criminal fine lasts with indefinite duration just as an order of restitution. We believe the difference is, on the one hand, the validity of the judgment. On the other hand, the availability of procedures to turn that judgment into cash. And in California, unless you have a judgment that is renewed within 10 years, you can't get the cash. As Your Honor pointed out, it might be in Nevada. If he was a citizen of Nevada, you wouldn't need to renew. There might be a 20-year limit. There might be no limit. So those are the essence of our positions here. If you have questions, of course, I wish to answer them. If the order were being enforced by a private victim, are you saying then the 10-year limit would apply? Well, we haven't explored, Your Honor, the full ramifications of a private victim. It's the United States that is not subject to limitations by States. A private victim might be. However, if the United States is enforcing the judgment, if it's considered to be a judgment for the United States and Congress has simply allowed a victim as a representative of the United States to enforce the restitution award, then we'd say the same principles of law apply, because it is a judgment in favor of the United States. Similarly, if the United States is enforcing a restitution judgment that's payable not to the U.S. Treasury but to a corporation or private individual, they may be a third-party beneficiary, but it's still a judgment in favor of the United States. Now, in a civil case, if it was a judgment in favor of a private party, these special principles would not apply. Does the Court have other questions? I think not, Mr. Friedman. Thank you. We'll move the balance of our time to the floor. Thank you very much, Mr. Friedman. Mr. Sullivan, you have a few minutes left. Your Honor, with respect to the Huey argument, somebody cannot waive a right if they're not aware of it. Huey was not decided until three years after this judgment was rendered. I don't know if waiver is the proper term. Maybe it's just default or something like that. How can one default on the exercise of a right if he has no knowledge of it? The right has to be articulated and defined, and the person in charge of waiver has to know that right. Otherwise, I don't think there can be waiver. It is the knowing relinquishment of a right. That's what waiver is. And how can there be a knowing relinquishment of a right when the right hasn't been defined by our Supreme Court until three years after the restitution order was made? With regard to the Thornburg arguments, the Mower arguments, I answer that by citing Custer v. McClutchian because it made the distinction which I think has to be kept in mind in this case, and that is a Supreme Court case. It has never been overturned, and it's of 80 years' standing. So we would submit, Your Honor, that this judgment should be reversed. Do you have any other points, sir? Well, the points that were the ones raised in the brief, there were two points in the sub-issue and the second point which the judge can't be referred to. Very good. Thank you, Mr. Sullivan. Mr. Sullivan, Mr. Friedman, thank you for your argument. The case of United States v. Gianelli is submitted.
judges: Canby, Thompson, Smith